IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TCMS TRANSPARENT BEAUTY, LLC § | | |
| TECH 2, LLC, and § | | |
| TCMS TECHNOLOGIES, INC. § | | |
| § | | |
| v. § | | A-15-CV-926 LY |
| § | | |
| REBECCA SILVERNAIL § | | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court are Movants TCMS Transparent Beauty, LLC, Tech 2, LLC, and TCMS Technologies, Inc.'s Motion to Confirm Arbitration Award (Dkt. No. 1), Respondent Rebecca Silvernail's Motion to Vacate Confirmation of Arbitration Award (Dkt. No. 4), and her first, second, third, fourth, and fifth Amended Motions (Dkt. Nos. 7, 9, 11, 13, and 15), and Movants' Responses (Dkt. Nos. 6, 8, 10, 12, 14).

The District Court referred the motions and related filings to the undersigned Magistrate Judge for Report and Recommendation as to the merits pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. After reviewing the parties' briefs, relevant case law, as well as the entire case file, the undersigned issues the following Report and Recommendation to the District Court.

**I. BACKGROUND**

Rebecca Silvernail is a member of both TCMS Transparent Beauty, LLC and Tech 2, LLC. After a dispute arose between Movants and Silvernail regarding whether Silvernail has a claim to be included as an "inventor" on certain patents of the Movants, the parties entered into a settlement

agreement that resolved some of the disputes between them, and created a process to resolve the remaining disputes. That process called for a binding arbitration proceeding should the parties be unable to negotiate an agreed resolution of their remaining disputes. Consistent with the agreement, an arbitration proceeding was held on November 3, 2014. The arbitrator entered an award in favor of Movants on January 6, 2015, which he then modified, issuing his Modified Final Award on January 19, 2015. Dkt. No. 1-1.

Movants filed this action seeking to confirm the Modified Final Award. Silvernail both opposes Movants' request for confirmation, and moves the Court to vacate the Modified Final Award, arguing that it is unfair for a variety of reasons. Movants respond that Silvernail's challenge to the Award is untimely and therefore must be denied.

## II. ANALYSIS

Movants request that this Court confirm the Modified Final Award issued by the arbitrator on January 19, 2015. Movants and Silvernail entered into an agreement to arbitrate their dispute regarding Silvernail's "Inventorship Issues." Dkt. No. 1-1 at 5-6, 13. Such arbitration was intended to produce a "final, binding, non-appealable decision regarding the Inventorship Issues." *Id*. at 6. That decision, the Modified Final Award, was issued on January 19, 2015. *Id*. at 28. The Federal Arbitration Act provides for the confirmation of an arbitration award as follows:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9. While the parties did not expressly consent to judicial confirmation of the award, the contract's provision that the award shall be "final, binding, non-appealable" serves the same purpose. *Cigna Ins. Co. v. Huddleston*, 986 F.2d 1418 (5th Cir. 1993). As such, this Court has

judicial authority to confirm the award. *Id*. Any motion seeking to vacate, modify, or correct an award must be filed within three months of the entry of the award. 9 U.S.C. § 12.

Movants assert that Silvernail's objection to the confirmation of the award is based on arguments in support of vacating the award, which she failed to raise within 90 days of the award being delivered. Silvernail has failed to address this issue directly in any of her many motions to vacate. Instead, she requests that the Court issue a stay of proceedings, vacate the Modified Final Award, and "carry out an independent investigation into fraudulent practices on behalf of Respondents and their representative counsel." Dkt. No. 4 at 6. The Federal Arbitration Act is clear on the time during which a request seeking to vacate an award must be made:

> the failure of a party to move to vacate an arbitral award within the three-month limitations period prescribed by section 12 of the United States Arbitration Act bars him from raising the alleged invalidity of the award as a defense in opposition to a motion brought under section 9 of the [Federal Arbitration Act] to confirm the award.

*Cigna Ins. Co.*, *supra.* (quoting *Cullen v. Paine, Webber, Jackson & Curtis, Inc.*, 863 F.2d 851, 854 (11th Cir. 1989)). The prohibition applies to affirmative defenses as well, including the accusations of fraud Silvernail brings. *Id*. Moreover, "there is no 'discovery rule' or 'equitable tolling' exception to the requirement in section 12 of the FAA that the defenses of fraud or impartiality be asserted within three months from the time that the arbitration award is filed or delivered." *Id*. As such, Silvernail's challenges to the award are untimely.

A theme that repeats through all five of Silvernail's motions to vacate is her claim that she is owed certain deferred compensation by Movants, and she repeatedly requests that the Court decline to confirm the award until that compensation is paid. Dkt. Nos. 7 at 4, 9 at 1-2, 11 at 3, 15 at 8. Her argument is based on ¶ E.2 of the original settlement agreement, which states:

> 2.    TCMS Transparent Beauty LLC shall adjust the amount of Claimant's deferred compensation account to the total amount of $178,750.00.

      a.      For the purposes of the adjustment to Claimant's deferred compensation account to the total amount of $178,750.00, the following terms and conditions shall apply:

           (1)     These funds shall be characterized as settlement for alleged damages, although Respondents do not agree that Claimant has suffered any damages.

           (2)     The amount in Claimant's adjusted deferred compensation account shall only be paid if and when the Respondents receive adequate funds from selling, licensing, transferring or otherwise exploiting the TCMS Patents or from a similar Liquidity Event. This shall be referred to as the "Deferred Payment."

           (3)     The Deferred Payment will be made after paying the verified debts shown on the books of Respondents, as appropriate, as being owed as of May 23, 2013 to any third parties, and documented loans to Respondents, by Al Edgar, David Iglehart or any other member of Respondent as of May 23, 2013.

           (4)     For clarity, the Deferred Payment will be made before making any payment in connection with other deferred compensation accounts on the books of Respondents and before making any distributions to members or shareholders of Respondents based on their percentage of ownership.

Dkt. No. 1-1 at 4-5. Silvernail states that she has yet to be paid any portion of this amount, and in one of her pleadings she criticizes the arbitrator's finding that appears to state she has been paid "all the consideration due and owing under the Settlement Agreement." Dkt. No. 11 at 2-4 (quoting from ¶ 28 of the Award, Dkt. No. 1-1 at 22).

      It is unclear whether the finding included in ¶ 28 was intended to address whether Movants remain obligated to pay Silvernail the deferred compensation called for in ¶ E.2, quoted above. To the extent that it can be read in that fashion, the finding would be outside the scope of the issues the parties submitted to arbitration. The agreement to arbitrate is contained in the Full and Final Settlement Agreement and Mutual Release. Specifically, the parties agreed to first meet and attempt to reach an agreement on what they termed the "Inventorship Issue," which they defined as "the issue regarding whether Claimant should be identified as a co-inventor of some or all of the

4

inventions disclosed in the Respondent's Patents and Patent Applications at issue (the "Subject Patents") upon which Claimant is not presently named as a co-inventor." Dkt. No. 1-1 at 5. They further agreed that if they were unable to reach an agreement on any part of the Inventorship Issue, they "agree[d] to designate [a] mutually agreeable arbitrator to make a final, binding, non-appealable decision regarding the Inventorship Issues." Nowhere do they agree to arbitrate other disputes arising out of the settlement agreement, and, more to the point, nowhere do they agree to arbitrate any issue related to whether or when the deferred compensation called for in ¶ E.2 was due to Silvernail.

However, the Court need not read ¶ 28 as a finding of fact regarding whether any amounts remain due to Silvernail from Movants. Rather, ¶¶ 27 and 28, when read together, appear to simply constitute a finding that the conditions precedent for the invocation of the arbitration provisions of the settlement agreement have been met. That is, they are intended to establish that the settlement agreement is a binding contract that has been executed by the exchange of consideration, and nothing more. As noted, a finding regarding anything other than the Inventorship Issues would be outside the scope of the arbitration agreement. But by construing the agreement narrowly, the Court practices a sort of "vacation avoidance"—that is, interpreting the Award so as to avoid invalidating it. Indeed, even a broad reading of the provision still would not warrant vacating or even modifying the award. Paragraph 28 would likely fall under 9 U.S.C. § 11 (b), which excepts from modification those provisions "not affecting the merits of the decision upon the matter submitted." Here, the matter submitted was the "Inventorship Issue," not whether Silvernail had been paid under the terms of the Settlement Agreement. Thus, confirmation of the Award will not prohibit Silvernail from pursuing any claims she has—including a breach of contract claim if one is warranted—regarding payment of the "deferred compensation" called for in the settlement agreement.

5

The undersigned therefore recommends that the Court enter judgment confirming the award. The judgment "shall have the same force and effect, in all respects, as, and be subject to all the provisions of law relating to, a judgment in an action; and it may be enforced as if it had been rendered in an action in the court in which it is entered." 9 U.S.C. § 13

Finally, the Movants have sought an order that Silvernail reimburse them their costs of court. Neither the settlement agreement nor the Modified Final Award provide for such reimbursement. The settlement agreement establishes that Movants agreed to reimburse Silvernail for reasonable, documented expenses incurred in connection with the arbitration, but not for Silvernail to reimburse Movants. Dkt. No. 1-1 at 6. The Arbitrator ordered that each side pay their own costs and attorneys' fees for the arbitration itself. *Id.* at 28. Finally, regarding any action related to the settlement agreement itself, the agreement provides that each party will be solely responsible for the payment of their respective costs. *Id*. at 9. There is also no statutory basis for ordering one party to pay the other's costs in a confirmation proceeding. As such, Movants' request for reimbursement should be denied.

### III.  RECOMMENDATION

Based upon the foregoing, the undersigned Magistrate Judge hereby **RECOMMENDS** that Movants TCMS Transparent Beauty, LLC, Tech 2, LLC, and TCMS Technologies, Inc.'s Motion to Confirm Arbitration Award, Dkt. No. 1, be **GRANTED** and Respondent Rebecca Silvernail's Motion to Vacate Confirmation of Arbitration Award, Dkt. No. 4, and her first, second, third, fourth, and fifth Amended Motions, Dkt. Nos. 7, 9, 11, 13, and 15 all be **DENIED**. The Court **RECOMMENDS** that the District Judge enter a **JUDGMENT** confirming the Modified Final Award, Dk. No. 1-1 at 17-28.

The undersigned **FURTHER RECOMMENDS** that Movants' request for reimbursement of their costs of court be **DENIED**.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 22 day of February, 2016.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE